**[Cite as *State v. Price*, 2026-Ohio-2512.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-25-00181

      Appellee

                                            Trial Court No. CR0202302141

v.

Michael Price                                          **DECISION AND JUDGMENT**

      Appellant                                 Decided: June 30, 2026

* * * * *

Julia R. Bates, Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney for appellee.

Dan M. Weiss, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} In this consolidated appeal, appellant, Michael Price, appeals from judgment entries of the Lucas County Court of Common Pleas. For the reasons that follow, the trial court's judgments are affirmed.

**Statement of the Case and the Facts**

{¶ 2} This appeal is a consolidation of two underlying criminal cases – case Nos. CR23-02141 and CR24-02610 – in the Lucas County Court of Common Pleas. Price's sole assignment of error and his legal arguments address only the trial court's denial of his motion to suppress in CR24-02610.

{¶ 3} **CR23-02141.** Case No. CR23-02141 arose from the theft of $1,164.00 worth of merchandise from a Lowe's store on June 14, 2023. The Lucas County Grand Jury indicted Price for theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and (B)(2). On May 28, 2024, Price entered a plea of guilty to the theft charge. The trial court reserved its finding of guilt and entered Price into the intervention-in-lieu program pursuant to R.C. 2951.041.

{¶ 4} On November 4, 2024, the trial court conducted a hearing regarding violation of the intervention in lieu. Price admitted the violation. The trial court found Price guilty of Count 1 in the indictment, theft, and continued sentencing until a later date.

{¶ 5} Sentencing in both CR23-02141 and CR24-02610 occurred on June 30, 2025. The trial court sentenced Price to twelve months in prison in CR23-02141, with the sentence to be served concurrently with the sentence in CR24-02610.

{¶ 6} Price filed his notice of appeal in CR23-02141 on August 5, 2025.

{¶ 7} **CR24-02610.** Case No. CR24-02610 arose out of an incident that occurred on October 27, 2024, after the victim, A.S., met Price at Club Evolution and agreed to drive him home. During the drive, A.S. stopped her vehicle because she realized she was

2.

too intoxicated to drive. Price and A.S. exited the vehicle. Price then punched A.S. in the face and drove off in A.S.'s vehicle, leaving her behind. Price did not have permission to take the vehicle.

{¶ 8} A.S. telephoned the Toledo Police Department ("TPD") from a nearby gas station. TPD Detective James Tucker responded to the gas station, where he interviewed A.S. A.S. told Tucker what had happened, but at the time she did not know Price's name.

{¶ 9} Later that day, A.S. reached out to Tucker and shared with him Price's Facebook profile containing photos of Price. Tucker subsequently prepared a six-person photo array that included Price, and A.S. picked Price's photo out of the array. The array did not include any photos from Price's Facebook page.

{¶ 10} The above facts led to a November 7, 2024 indictment from the Lucas County Grand Jury for the offenses of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2) and (B) (Count 1); and grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B)(5) (Count 2).

{¶ 11} On March 26, 2025, Price filed a motion to suppress along with a memorandum in support. Price's argument was essentially that A.S.'s provision of Price's Facebook page to Tucker prior to the preparation of the photo array rendered the array "unduly suggestive."

{¶ 12} On April 3, 2025, the trial court held a hearing on the motion to suppress. At the hearing, the State presented testimony from Detective Tucker, who testified as to

3.

the circumstances surrounding his preparation of the photo array.[1] Tucker explained that following his initial encounter with A.S. at the gas station on October 27, A.S. contacted him a second time and shared with him certain additional information. Specifically, A.S. told Tucker that a friend of hers who knew Price had provided A.S. with Price's Facebook profile and that, upon viewing the Facebook profile, A.S. realized that Price was the individual who assaulted her. Tucker testified that A.S. gave him the name of the Facebook profile and a description of the profile picture.

{¶ 13} Based upon this information, Tucker conducted his own Facebook search and found a Facebook profile with the name Michael JT Price Sr. Next, he looked up Michael Price in the NORIS system and found a photo that looked like the individual in the Facebook profile picture. He then created a photo array containing a photo of the individual whom he had matched with the name Michael Price and the relevant Facebook picture. Tucker made clear that the photo of Price that was used in the array was not a photo that was taken from Facebook; instead, it was a Lucas County booking photo of Price.

{¶ 14} Tucker gave a detailed account of the features he was looking for when he created the photo array with pictures from NORIS. He stated that he looked for black males, aged 35 to 41, with long black hair, "like dreads," and facial hair. He further stated

---

[1] The State was prepared to have TPD Sergeant Babcock testify regarding his role as the blind administrator of the photo array. But because defense counsel narrowed the issue to preparation of the photo array, which did not include presentation of the array, the trial court dismissed Sergeant Babcock as a witness.

that he used photos that were taken within the date range of when Price was arrested in order to keep the photo backgrounds and array member apparel consistent.

{¶ 15} At the conclusion of the suppression hearing, the trial court requested that the parties submit post-hearing briefs.

{¶ 16} On April 17, Price filed a memorandum in support of the motion to suppress. In that brief, he argued that "[t]he actions of the complainant basically amount[ed] to herself preparing the photo array," that this was "highly and unduly suggestive," and that "the identification of Defendant should be suppressed." On the same date, the State filed a memorandum in opposition, arguing that the array was not unduly suggestive.

{¶ 17} The trial court filed its decision and judgment entry denying the motion to suppress on April 24, 2025. In that decision, the trial court expressly limited its review to "whether the mere fact that A.S. provided the Facebook profile of an individual she believed was her assailant would then make her later identification of Defendant in an otherwise uncontested photo array unduly suggestive." The trial court held:

> The Court does not find that providing a Facebook profile, which included a photograph of the suspect, made her later identification of Defendant unduly suggestive. Det. Tucker utilized a picture other than the picture found on Facebook and that picture did not stand out against the other five individuals in the photo array.

{¶ 18} On June 9, 2025, Price entered a plea of guilty to Count 2 of the indictment, grand theft of a motor vehicle, under R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree. As part of the negotiated plea agreement, the State agreed to

5.

recommend at sentencing that the trial court enter a nolle prosequi as to Count 1 of the indictment. The trial court accepted the plea and found Price guilty.

{¶ 19} The sentencing hearing took place on June 30, 2025, when the trial court sentenced Price in both cases. In case No. CR24-02610, the trial court ordered a prison sentence of 18 months, with the sentence to be served concurrently with the 12-month sentence imposed in case No. CR24-02141.

{¶ 20} Price filed a notice of appeal in case No. CR24-02610 on August 5, 2025.

{¶ 21} On August 15, 2025, this court ordered consolidation of Price's two appeals -- designated L-25-00181 and L-25-00182, respectively -- into L-25-00181.

## Assignment of Error

{¶ 22} On appeal, Price asserts the following assignment of error:

I. The trial court erred when it denied Appellant's motion to suppress the photo array.

## Law and Analysis

{¶ 23} Price argues in his sole assignment of error that the identification process in this case was unduly suggestive "because the photo array was derived from the foundation of photographs provided to the Detective by the victim." He further argues that "because of the significant involvement of the victim," the identification was also not reliable.

{¶ 24} In general, appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Graber*, 2020-Ohio-5324, citing *State v. Burnside*,

6.

2003-Ohio-5372, ¶ 8. As Price limits his challenge to legal conclusions, we will conduct a de novo review of the trial court's application of the law. *See id.*

{¶ 25} "Introducing as evidence the results of an unduly suggestive police identification procedure may violate a defendant's right to due process and require a trial court to suppress that evidence." *State v. Chaney*, 2023-Ohio-8, ¶ 24 (5th Dist.), citing *Foster v. California*, 394 U.S. 440 (1969). "Due process concerns arise, however, only when…the identification procedure is arranged by law enforcement officials." *Chaney* at ¶ 24, citing *Perry v. New Hampshire*, 565 U.S. 228 (2012). In addition, "'[p]hoto array evidence is suppressed only if the identification, or method of identification, is unduly suggestive and unreliable.'" *State v. Sherman*, 2024-Ohio-5354, ¶ 163 (6th Dist.), quoting *State v. Gaines*, 2010-Ohio-91, ¶ 15 (6th Dist.), citing *State v. Waddy*, 63 Ohio St.3d 424, 438 (1992); and *Neil v. Biggers*, 409 U.S. 188 (1972).

{¶ 26} "Generally speaking, a photo array is not unduly suggestive if the other photos depict people who appear with relatively similar age, features, skin tone, facial hair, apparel, and photo background." *Id*., citing *State v. Williams*, 2022-Ohio-2439, ¶ 33-35 (6th Dist.) (citing cases). It is the defendant's burden to establish that the identification procedure was unduly suggestive. *Id.* "If the defendant meets that burden, the court must consider if, under the totality of the circumstances, the identification is reliable, despite its suggestive nature." *Id.,* citing *State v. Heflin*, 2011-Ohio-4134, ¶ 17 (6th Dist.).

{¶ 27} Factors to be considered in determining reliability include: "(1) the witness's opportunity to view the defendant, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, if any, of the defendant, (4) the witness's

7.

certainty, and (5) the amount of time that elapsed between the offense and the identification." *Id.* at ¶ 165, citing *Heflin* at 17.

{¶ 28} Here, the evidence does not establish that the array -- which was said to have included individuals of relatively similar age, skin tone, hair, apparel, and photo background -- was unduly suggestive. And, in fact, Price states no complaint about the array itself. Instead, Price asserts that the victim's identification was somehow tainted by the victim having first provided police with Price's Facebook profile.

{¶ 29} Courts in this and other jurisdictions have consistently rejected similar arguments by defendants in cases where victims identified the defendant by way of the defendant's Facebook profile prior to viewing a police photo lineup or single photo. *See State v. Williams,* 2019-Ohio-5144, ¶ 5, 12 (6th Dist.) (photo lineup not suggestive where victim had previously showed the detective a photograph from Facebook and stated he believed the photograph showed the individuals who burglarized his home); *Graber* at ¶ 5, 12 (use of a photo lineup after victims had uncovered the defendant's identity via his Facebook account was not unduly suggestive, inasmuch as police used the lineup merely to verify the victims' earlier identifications); *In re D.C.,* 2019-Ohio-4860, ¶ 28 (1st Dist.) (initial identification of the defendant by way of Facebook photos, which was not state action, provided an independent basis for identification separate from the police-administered one-photo procedure); *see also State v. Henry*, 2012-Ohio-5552, ¶ 51 (6th Dist.) (that the victim was independently able to locate the defendant's photo on Facebook (which was not the photo that was used in the array) was not a factor that would undermine the reliability of the photo array identification). In this case, we

8.

likewise conclude that victim A.S.'s prior, independently made Facebook identification did nothing to render the police photo array unduly suggestive. This conclusion ends our analysis herein because "an identification must be both unduly suggestive *and* unreliable to be suppressed." *See Sherman* at ¶ 165, citing *Heflin* at ¶ 17. Accordingly, Price's single assignment of error is found not well-taken.

**Conclusion**

{¶ 30} The judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.